**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 3 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

FRANK MEHDIPOUR; ALI
MEHDIPOUR; LADONNA
MEHDIPOUR,

          Plaintiffs-Appellants,

v.

THE CITY OF OKLAHOMA CITY, a
municipality and political subdivision
of the State of Oklahoma; PATRICK
BYRNE, as public officer and
individual; WINFORDE W. MARTIN,
as public officer and individual,

          Defendants-Appellees.

No. 97-6070
(D.C. No. 95-CV-312)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before BALDOCK, BARRETT, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs Frank Mehdipour, Ali Mehdipour, and LaDonna Mehdipour appeal the district court's grant of summary judgment to defendants City of Oklahoma City and Patrick Bryne[1] on their civil rights complaint, alleging violations of their rights under 42 U.S.C. §§ 1983 and 1985, the Fourth, Fifth, Seventh, and Fourteenth Amendments to the Constitution and certain state law claims. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

**BACKGROUND**

The facts in this case, which were set forth by defendants and not disputed by plaintiffs, are thoroughly incorporated in the district court's order. Therefore, we will repeat here only those facts necessary to our disposition.

In May 1990, defendant Officer Patrick Byrne was advised by Kelly Mehdipour, the wife of plaintiff Frank Mehdipour, that there were stolen vehicles and other stolen property being stored at two of Frank's places of business in Oklahoma City. After checking records on several of the alleged stolen vehicles, Officer Byrne prepared three affidavits of probable cause and obtained warrants to search the two properties.

Upon execution of the warrants, Officer Byrne found the alleged stolen property and a quantity of hashish. Officer Byrne arrested Frank and his brother,

---

[1]     Defendant Winforde W. Martin was dismissed from the suit by stipulation of the parties.

plaintiff Ali Mehdipour. Plaintiff LaDonna Mehdipour, wife of Ali, was questioned and released. Frank and Ali were charged with eleven counts of possession of stolen property and one count of possession of hashish with intent to distribute. On February 28, 1991, a jury acquitted Frank and Ali on all counts.

While Frank and Ali were incarcerated awaiting trial, defendant City of Oklahoma City (the City) notified Kelly and Frank that certain property owned by them was considered dilapidated and would be the subject of a hearing to determine whether demolition was appropriate. Following the hearing, the property was declared dilapidated and was ordered demolished. Frank and Kelly were billed for the demolition cost.

On June 5, 1992, plaintiffs originally brought suit against defendants in federal district court. In dismissing without prejudice for failure to comply with court orders, the court held that if plaintiffs filed a future action arising out of the same set of facts, they would be required to pay all of defendants' attorney fees and costs.

Plaintiffs filed this action on February 28, 1995, claiming violations of their rights under 42 U.S.C. §§ 1983, 1985, the Fourth, Fifth, and Fourteenth Amendments, and certain state law violations in relation to their arrests. They also claimed that the City's demolition of their property violated their due process rights. Specifically, plaintiffs alleged that they were falsely arrested; that the

search of their property was illegal; that plaintiffs' civil rights were violated by Officer Byrne's failure to act on alleged exculpatory information given him by plaintiffs after the arrests; that Officer Byrne's conduct surrounding the arrests was discrimination because of Frank's prior felony conviction; that the arrests were the result of an unconstitutional policy or practice of the City; and that the City unconstitutionally caused certain buildings belonging to defendants to be demolished. In addition, they brought state law claims for trespass, assault, malicious prosecution, and false imprisonment.

Because the claims in this action arose out of the same set of facts underlying the 1992 suit, before allowing plaintiffs to proceed, the court ordered them to post a bond in the amount of the costs and fees expended by defendants in the 1992 case. Plaintiffs posted the bond, and on April 12, 1996, the court granted the City's application for payout of the bond.[2] The district court then granted defendants' motions for summary judgment, and this appeal followed.

**DISCUSSION**

"We review de novo the district court's grant of qualified immunity on summary judgment, viewing the evidence in the light most favorable to the

---

[2]     Plaintiffs' appeal of the order to pay out the bond was procedurally terminated by this court as an appeal of a nonfinal order. Plaintiffs do not raise this issue in this appeal.

nonmoving party." Davis v. Gracey, 111 F.3d 1472, 1478 (10th Cir. 1997). In order to prevail against a defense of qualified immunity in a summary judgment motion, plaintiffs must first assert the violation of a constitutional or statutory right. See id. Second, plaintiffs must show that the "'right was clearly established such that a reasonable person in the defendant's position would have known that [his] conduct violated the right.'" Id. (quoting Garramone v. Romo, 94 F.3d 1446, 1449 (10th Cir. 1996)). If the court determines that the defendant's conduct did not violate a constitutional right, the inquiry ends and qualified immunity is appropriate. See id.

In response to Officer Byrne's motion for summary judgment, plaintiffs conceded the failure of their state tort claims. Moreover, the court found that plaintiffs had abandoned their separate due process claim against the City regarding the destruction of their property. Plaintiffs further conceded that they were no longer challenging Officer Byrne's probable cause to search the property and make the arrests. Plaintiffs continued to assert, however, that their constitutional rights were violated by Officer Byrne when he failed to undertake an adequate follow-up investigation after arresting the plaintiffs. They specifically alleged that Officer Byrne ignored exculpatory evidence which plaintiffs brought to his attention.

The district court held that plaintiffs failed to cite any authority for their contention that they had a constitutionally protected right to a post-arrest investigation. See Romero v. Fay, 45 F.3d 1472, 1475 (10th Cir. 1995) (in order to determine whether defendant is entitled to qualified immunity, court must first ascertain whether plaintiff has adequately asserted the violation of a constitutional right). Moreover, the court held that even if plaintiffs' allegations were sufficient to constitute a constitutional violation, they had failed to assert any facts which would demonstrate that Officer Byrne acted with the necessary "'deliberate or reckless intent.'" R. Supp. Vol. I, tab 65 at 7 (quoting Romero, 45 F.3d at 1478).[3] The district court subsequently denied plaintiffs' motion to reconsider, amended motion to reconsider, and a motion to dismiss the judgment.

Plaintiffs' first appellate issue, that Office Byrne acted without probable cause when he searched their premises and arrested Frank and Ali, was conceded by plaintiffs in their response to Officer Byrne's motion for summary judgment.

---

[3] The district court also held that plaintiffs failed to sustain their burden of establishing the deprivation of a constitutional right due to a policy or custom of the City, see City of Canton v. Harris, 489 U.S. 378, 385 (1989); and that plaintiffs failed to provide any authority which would suggest that "prior-convicted felons" were a protected class for purposes of plaintiffs' claim that Officer Byrne's actions constituted discrimination based on Frank's prior felony conviction. Plaintiffs do not challenge these holdings on appeal, and therefore, we deem these issues waived. See Abercrombie v. City of Catoosa, 896 F.2d 1228, 1231 (10th Cir. 1990) (issue not argued in opening brief deemed waived).

Although they attempted to reassert the issue in their motions to reconsider, a Rule 59(e) motion cannot be used to raise issues that were not before the district court.[4]  See Steele v. Young, 11 F.3d 1518, 1520 n.1 (10th Cir. 1993) ("Rule 59(e) cannot be used to expand a judgment to encompass new issues which could have been raised prior to issuance of the judgment.").  Therefore, because this issue was never properly raised, argued, and ruled on by the district court, we will not consider it for the first time on appeal.  See Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 721, 722 (10th Cir. 1993) (an issue raised but not pursued in district court is deemed waived on appeal); O'Connor v. City & County of Denver, 894 F.2d 1210, 1214 (10th Cir. 1990) (appellate court will not consider on appeal claims abandoned in the district court).

We now turn to plaintiffs' only remaining contention--that Officer Byrne's failure to conduct a post-arrest investigation violated a constitutional or statutory right, redress for which is available under 42 U.S.C. § 1983.  Applying the two-pronged test for granting qualified immunity, see Davis, 111 F.3d at 1478, the district court granted Officer Byrne summary judgment, finding that plaintiffs' allegations amounted to nothing more than "what they perceive to be a poorly

---

[4]      A "motion to reconsider" is not among the motions recognized by the Federal Rules of Civil Procedure.  If, as here, a "motion to reconsider" is filed within ten days of entry of judgment, it is treated as a motion under Fed. R. Civ. P. 59(e).  See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

conducted investigation," and therefore, plaintiffs failed to assert a constitutional violation.[5]  R. Supp. I, tab 65 at 8.  We agree.

In Romero, this court considered a constitutional violation claim for an "unreasonable post-arrest investigation."  45 F.3d at 1478.  We determined that because the plaintiff had failed to set forth conduct which constituted a constitutional violation, it was not necessary to reach the issue of whether plaintiff had a "clearly established right to a reasonable post-arrest investigation." Id.  Here, as the district court determined, plaintiff failed to allege that Officer Byrne acted with "deliberate or reckless intent."  Id.  Therefore, plaintiffs' claim that Officer Byrne failed to conduct an adequate investigation after their arrests describes nothing more than negligent conduct which is not actionable under § 1983.  See id. (allegations of police officer's negligent conduct do not state a cognizable § 1983 action).

---

[5]    Insofar as plaintiffs are attempting to argue on appeal that Officer Byrne's conduct was in violation of state statutory law, we conclude that because this issue was not raised and ruled on in the district court, it is not properly before this court on appeal.  See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992) (as a general rule, appellate court will not consider an issue on appeal that was not raised below).

Accordingly, we hold that the district court was correct in granting defendants summary judgment on each of plaintiffs' claims. Plaintiffs' motion for oral argument and defendants' motion to strike plaintiffs' reply brief are DENIED. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

James E. Barrett
Senior Circuit Judge