**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 24 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FRANK MEHDIPOUR; ALI MEHDIPOUR;
LADONNA MEHDIPOUR,

    Plaintiffs-Appellants,

v.

THE CITY OF OKLAHOMA CITY, a
municipality and political subdivision of the
State of Oklahoma; PATRICK BYRNE;
WINFORDE "WIMPY" MARTIN,

    Defendants-Appellees.

No. 97-6350
(D.C. No. 92-CV-977-L)
(W.D. Okla.)

ALI MEHDIPOUR; LADONNA
MEHDIPOUR; FRANK MEHDIPOUR,

    Plaintiffs-Appellants,

v.

THE CITY OF OKLAHOMA CITY;
PATRICK BYRNE; WINFORDE "WIMPY"
MARTIN,

    Defendants-Appellees.

No. 97-6362
(D.C. No. 92-CV-977-L)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Ali Mehdipour, [1] proceeding *pro se*, appeals the denial of his Fed. R. Civ. Proc. 60(b) motion to vacate or set aside an earlier judgment, the denial of his Fed. R. Civ. P. 59(e) motion to reconsider the denial of the motion to vacate, and the district court's imposition of filing restrictions. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's denial of the Rule 60(b) and Rule 59(e) motions. We vacate the filing restrictions.

_____

[1] The brief is not clear as to the identity of the Appellant; it is signed only by Ali Mehdipour. To the extent Ali Mehdipour is attempting to appeal on behalf of his co-plaintiffs, Frank Mehdipour and Ladonna Mehdipour, we simply note one *pro se* litigant, who is not an attorney, cannot represent other *pro se* parties. *See* 28 U.S.C. § 1654 ("parties may plead and conduct their own cases personally or by counsel"); 10th Cir. R. 46.5 ("[a] party who is not represented by an attorney must sign any motion, brief or other paper"). We therefore treat Ali Mehdipour as the sole appellant, and insofar as the appeal purports to include Frank Mehdipour and Ladonna Mehdipour, they are dismissed as parties.

Mr. Mehdipour, with Frank Mehdipour and Ladonna Mehdipour (collectively, the Mehdipours), originally commenced a civil rights action on June 5, 1992, claiming, *inter alia*, the defendants subjected him to false arrest, performed an illegal search, and improperly demolished a building belonging to him. On March 31, 1994, the trial court dismissed this suit without prejudice for failure to make timely service, failure to respond, and failure to comply with a court order. On August 14, 1997, Mr. Mehdipour filed a Rule 60(b)(6) motion to alter or set aside this judgment.

The Mehdipours filed a second civil rights suit, identical to the first, on February 28, 1995. The trial court granted defendants summary judgment on January 23, 1997, and the Mehdipours appealed this decision. We affirmed the trial court's judgment on December 3, 1997. *See Mehdipour v. City of Oklahoma City*, 131 F.3d 152 (No. 97-6070), 1997 WL 748651 (10th Cir. Dec. 3, 1997).

While the Mehdipours' appeal in the second civil rights action was pending, the district court denied Mr. Mehdipour's August 14, 1997 Rule 60(b)(6) motion to vacate the judgment dismissing the first civil rights action, specifically finding the motion was not filed within a reasonable time as required by the rule, and further finding Mr. Mehdipour was attempting to use this motion as a substitute

for an appeal in the first civil rights action. The district court stated Rule

60(b)(6) relief was not warranted for two reasons:

> First, plaintiffs waited more than three years before filing their motion. Thus, the motion was not filed within a reasonable time as required by the rule. Second, this case does not present the type of circumstances under which such relief would be appropriate. Rather, plaintiffs' Rule 60(b) motion appears to be nothing more than an attempt to revisit the issues laid to rest more than three years ago.

This is the first of two orders being appealed in the present case.

Mr. Mehdipour then filed yet another motion to reconsider, which the

district court denied, finding the Rule 59(e) motion to reconsider "as deficient as

plaintiffs'" prior motion. The district court further found "plaintiffs' successive

untimely, duplicative and unsupported motions to reconsider constitute[d] a

continuing abuse of the judicial system," and imposed filing restrictions on

plaintiffs. The district court's order was entered September 23, 1997. Mr.

Mehdipour also appeals this order in the present case.

Mr. Mehdipour appeals the denial of his two motions and the imposition of

filing restrictions, framing the issues as follows:

> 1. Did the District Court abuse it's discretion by: (a) Court's finding that plaintiff's motion to reconsider was successive, untimely, duplicative, and unsupported motions to reconsider constitute abuse of the Judicial System, where the record clearly does not support this finding either by fact or law; and the motion to reconsider Prima Facie shows the court was clearly erroneous[;] (b) The court's

imposing filing restrictions on plaintiffs because of judicial abuse is unwarranted where the record clearly does not support court's action, and the Plaintiff's motion to reconsider Prima Facie will prove court was clearly erroneous[; and,] 2. Whether district court errored as a matter of law without providing a findings of facts or Conclusions of law where court imposed restriction on pro se plaintiffs, who are laymen, for judicial abuse, especially so where the record Prima Facie shows that the judicial abuse was unfound.

(Errors in original.)

We review the district court's denial of a Rule 60(b)(6) motion for abuse of discretion. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996). We similarly review a Rule 59(e) motion to reconsider for an abuse of discretion. *Buchanan v. Sherrill*, 51 F.3d 227, 230 (10th Cir. 1995). Simply stated, for us to find an abuse of district court's discretion and reverse, we must have a definite and firm conviction that the district court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances. Moreover, relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992).

We cannot find an abuse of discretion from the record on appeal. It is clear and beyond all reasonable argument that Mr. Mehdipour's motion to set aside or vacate the judgment was not filed within a reasonable time. Three years is too

-5-

long under the circumstances of this case. It is likewise clear the district court's denial of Mr. Mehdipour's motion to reconsider was not an abuse of discretion.

After denying Mr. Mehdipour's motion to reconsider, the district court imposed filing restrictions on him. These filing restrictions require the submission of any motions or documents pertaining to the two civil rights actions to a magistrate judge for review. If found to be "lacking in merit, duplicative or frivolous," the motion or document is to be transmitted to the Chief Judge for further review, and only with the consent of the Chief Judge can Mr. Mehdipour file any further documents in the two civil rights suits.

Generally, the district court has the inherent power to impose filing restrictions on litigants with a history of filing abusive and frivolous *pro se* complaints. *Tripati v. Beaman*, 878 F.2d 351, 352-53 (10th Cir. 1989). A litigant has no absolute or unconditional right of access to the courts, particularly with regard to frivolous or vexatious filings. *Id.* at 353. Before imposing restrictions, however, the district court must set forth, *inter alia*, the litigant's history of abusive filing activities. *Id*. at 353; *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir.), *cert. denied*, 450 U.S. 985 (1981). While the district court in this case noted several of Mr. Mehdipour's questionable filings, the district court did not

-6-

fully develop the record to demonstrate a pattern of abusive filings sufficient to support filing restrictions. *See Tripati*, 878 F.2d at 353.

The judgment of the district court as to Mr. Mehdipour's Rule 60(b) and Rule 59(e) motions is **AFFIRMED**. The district court's decision to impose filing restrictions is **VACATED**.

                          **Entered for the Court**

                          **WADE BRORBY**
                          United States Circuit Judge