**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

FRANK MEHDIPOUR; ALI
MEHDIPOUR; LADONNA
MEHDIPOUR,

    Plaintiffs-Appellants,

    v.

THE CITY OF OKLAHOMA CITY, a
municipality and political subdivision
of the State of Oklahoma; PATRICK
BURNE, as public officer and
individual,

    Defendants-Appellees.

No. 98-6168
(D.C. No. 95-CV-312)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

ordered submitted without oral argument.

Plaintiffs Frank Mehdipour and Ali Mehdipour, appearing pro se, appeal the district court's denial of their motion to vacate judgment pursuant to Fed. R. Civ. P. 60(b)(4). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Plaintiffs, along with Ali's wife LaDonna Mehdipour, filed a civil rights action on June 5, 1992, against the City of Oklahoma City and police officers Patrick Byrne and Winforde Martin, claiming defendants subjected them to false arrest, performed an illegal search, and improperly demolished a building belonging to them. The district court dismissed the action on March 31, 1994, without prejudice, because plaintiffs failed to obtain timely service, failed to respond to one defendant's motion to dismiss, and failed to comply with a direct court order. Plaintiffs did not appeal that dismissal.

Plaintiffs filed a second, essentially identical, action on February 28, 1995. The district court granted summary judgment in favor of defendants on January 23, 1997. Plaintiffs appealed and we affirmed the district court's judgment on December 3, 1997.

Not satisfied with the outcome of the litigation, plaintiffs first attempted, without success, to vacate the district court's judgment in the original 1992 action. Plaintiffs then filed a Fed. R. Civ. P. 60(b)(4) motion to vacate the 1995

judgment, arguing the attorney who represented them in the 1995 action effectively waived their claims by admitting, in response to defendants' summary judgment motion, that probable cause existed for the City and its employees to arrest plaintiffs. According to plaintiffs, the district court's grant of summary judgment was void because they neither authorized nor agreed with such admission. The court denied plaintiffs' motion to vacate judgment on March 27, 1998, concluding it was "frivolous and without merit."

We review de novo a district court's denial of a Rule 60(b)(4) motion to vacate judgment. See Wilmer v. Board of County Comm'rs, 69 F.3d 406, 409 (10th Cir. 1995). In V.T.A., Inc. v. Airco, Inc., 597 F.2d 220, 224-25 (10th Cir. 1979), we outlined the standards for determining whether a judgment is void under Rule 60(b)(4):

> A judgment is not void merely because it is or may be erroneous. [Citations omitted.] For a judgment to be void under Rule 60(b)(4), it must be determined that the rendering court was powerless to enter it. If found at all, voidness usually arises for lack of subject matter jurisdiction or jurisdiction over the parties. It may also arise if the court's action involves a plain usurpation of power or if the court has acted in a manner inconsistent with due process of law. In the interest of finality, the concept of setting aside a judgment on voidness grounds is narrowly restricted.

Applying these standards to the case before us, we conclude the underlying judgment is not void. Nothing in the record demonstrates the district court lacked personal or subject matter jurisdiction, nor is there any indication the district

-3-

court's action involved a plain usurpation of power or that the court acted in a manner inconsistent with due process of law. Ultimately, the record demonstrates only that plaintiffs are dissatisfied with the outcome of the case and believe their counsel is to blame. Because the Sixth Amendment right to effective assistance of counsel does not apply in civil cases, an allegation that counsel was incompetent is no basis for reversing the underlying judgment. See MacCuish v. United States , 844 F.2d 733, 735 (10th Cir. 1988).

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge