**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 4 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ALI MEHDIPOUR,

      Plaintiff-Appellant,

v.

MICHAEL SNOWDEN; RUSSELL
HALL; VICKIE ROBERTSON;
CHARLES HILL; NANCY COATS;
BOB MACY; LISA HAMMOND,

      Defendants-Appellees.

No. 98-6204
(D.C. No. 98-CV-375)
(W.D. Okla.)

ORDER AND JUDGMENT *

Before **PORFILIO, BARRETT,** and **KELLY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Ali Mehdipour filed suit in federal district court seeking an order to enjoin an ongoing Oklahoma state court criminal prosecution. Specifically, plaintiff requested the federal court to require the state court to hold a hearing to determine whether plaintiff's arrest on July 31, 1997, was supported by probable cause. The federal district court applied the Younger abstention doctrine and dismissed the action without prejudice. See Younger v. Harris, 401 U.S. 37 (1971). Plaintiff appeals the dismissal of his case. We affirm.

We review de novo the district court's decision to abstain pursuant to Younger. See Taylor v. Jaquez, 126 F.3d 1294, 1296 (10th Cir. 1997), cert. denied, 118 S. Ct. 1187 (1998). A federal court must abstain from exercising jurisdiction when the following three conditions are met: (1) there is an ongoing state criminal proceeding, (2) the state court provides an adequate forum to hear the claims plaintiff raised in the federal case, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." Id. at 1297.

On appeal, plaintiff argues only that the state authorities arrested him without probable cause. He has not addressed whether Younger abstention applies or how the district court may have erred in deciding to abstain, despite the

decisive nature of the issue. "This is not adequate appellate argument." Brownlee v. Lear Siegler Mgmt. Servs. Corp., 15 F.3d 976, 977 (10th Cir. 1994); see also Olson v. Coleman, 997 F.2d 726, 728 (10th Cir. 1993) (finding appeal frivolous where appellant failed "to raise a single, specific allegation of error by the district court"). Nevertheless, applying the criteria set forth above, we hold that under Younger the ongoing state criminal proceedings dictate that the federal court abstain from exercising jurisdiction.

Plaintiff argues that the state court prosecution was brought in bad faith. An exception to the general rule that a federal court may not enjoin a pending state court criminal prosecution is a prosecution commenced in bad faith. See Younger, 401 U.S. at 53-54; Phelps v. Hamilton, 59 F.3d 1058, 1063-64 (10th Cir. 1995). We do not address the merits of this claim, however, because the claim was raised for the first time on appeal, see Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992) (appellate court will not consider issue not presented to district court), and it presents only conclusory allegations, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (unsupported conclusory allegations insufficient to state claim). Plaintiff's argument that he should have been permitted to conduct discovery is also infirm because it was not presented to the district court and it does not demonstrate how discovery would have permitted him to resist Younger abstention. Cf. Smith v. Kitchen, 156 F.3d 1025, 1029

(10th Cir. 1997) (appellant failed to show how discovery would be material to Fed. R. Civ. P. 12(b)(6) dismissal; discovery issue not raised in district court).

"Our conclusion that Younger abstention applies ends the matter." Taylor, 126 F.3d at 1298. Plaintiff's motion to expedite the appeal is denied.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

                                        Entered for the Court

                                        James E. Barrett
                                        Senior Circuit Judge