F I L E D
United States Court of Appeals
Tenth Circuit

MAR 5 1999

PATRICK FISHER
Clerk

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

ALI MEHDIPOUR,

 Plaintiff-Appellant,

and

FRANK MEHDIPOUR; LADONNA
MEHDIPOUR,

 Plaintiffs,

v.

THE CITY OF OKLAHOMA CITY, a
municipality and political sub-division
of the State of Oklahoma, and
PATRICK BURNE (sic) and
WINFORDE "WIMPY" MARTIN, as
public officers and as individuals,

 Defendants-Appellees.

No. 98-6310
D.C. No. CIV-92-977-L
D.C. No. CIV-95-312L
(W.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Plaintiff Ali Mehdipour,[1] proceeding pro se, appeals the district court's denial of the motion to vacate a December 12, 1995, judgment pursuant to Fed. R. Civ. P. 60(b). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

We have occasion to once again revisit segments of the tortured history of these proceedings. *See, e.g. Mehdipour v. City of Okla. City,* 161 F.3d 18 (10th Cir. 1998) (unpublished); *Mehdipour v. City of Okla. City*, 145 F.3d 1346 (10th Cir. 1998) (unpublished); *Mehdipour v. City of Okla. City*, 131 F.3d 152 (10th Cir. 1997) (unpublished). On June 5, 1992, the Mehdipours filed a civil rights action against the City of Oklahoma City and police officers Patrick Byrne and Winforde Martin. On March 31, 1994, the district court dismissed the action without prejudice for failure to obtain timely service, failure to respond, and

_____

[1] The brief is not clear as to the identity of the Appellant; it is signed only by Ali Mehdipour. To the extent Ali Mehdipour is attempting to appeal on behalf of his co-plaintiffs, Frank Mehdipour and Ladonna Mehdipour, we simply note one pro se litigant, who is not an attorney, cannot represent other pro se parties. *See* 28 U.S.C. § 1654 ("parties may plead and conduct their own cases personally or by counsel"); 10th Cir. R. 46.5 ("[a] party who is not represented by an attorney must sign any motion, brief or other paper"). We therefore treat Ali Mehdipour as the sole appellant.

failure to comply with a direct court order. In addition, the court ordered the Mehdipours to pay defendants' costs and attorney's fees arising in any future attempts to prosecute the same claims in any other court. The Mehdipours did not appeal this order.

Instead, on February 28, 1995, the Mehdipours filed a second suit based on the same set of facts underlying the 1992 suit. The court ordered them to post a bond in the amount of the costs and fees expended by defendants in the 1992 case. The Mehdipours posted the bond for $6,485.10. The court allowed defendants to execute on the bond, and the action proceeded. The Mehdipours appealed the order allowing defendants to execute on the bond. We dismissed the appeal for lack of jurisdiction because the order was not final or otherwise immediately appealable. We noted in the order that the Mehdipours could appeal after final adjudication. In January 1997, the district court granted summary judgment for defendants in the 1995 suit.

The Mehdipours then initiated a number of attacks on the outcome of their case and on the payment of fees.[2] On March 25, 1998, at the end of a string of unsuccessful attempts, the Mehdipours filed the instant Rule 60(b) motion to vacate the 1995 order to post bond. They contended under Rule 60(b)(4) that the

_____

[2] Over the last year, we have addressed an appeal of the 1997 summary judgment, a Fed. R. Civ. Pro. 60(b) motion to vacate the 1992 original dismissal order, and another Rule 60(b) motion to vacate the 1997 judgment.

1995 order was erroneous and therefore void. The district court denied the motion, finding it was not filed within a reasonable time and the facts did not demonstrate the exceptional circumstances needed to vacate a judgment under either Rule 60(b)(4) or 60(b)(6).

In reviewing the district court's determination that its judgment is not void under Rule 60(b)(4), we review de novo. *See Wilmer v. Board of County Comm'rs*, 69 F.3d 406, 409 (10th Cir. 1995). The moving party must show lack of jurisdiction or that the court acted in a manner inconsistent with the due process of law. *See* 11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 2862 (2d ed.1995). Setting aside a judgment on voidness grounds is narrowly restricted. Even an erroneous judgment does not amount to a void one under Rule 60(b)(4). *See id.* Mr. Mehdipour has not shown lack of jurisdiction or a violation of due process.

We review the denial of a motion under Rule 60(b)(6) only for an abuse of discretion. *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996). However, in determining whether a district court abused its discretion, we recognize that "'[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances.'" *Id.* (quoting *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990)). Furthermore, a motion for relief must be made in a "reasonable time." *See* Fed. R. Civ. Pro.

60(b).

There was no abuse of discretion here since nothing in the record demonstrates the exceptional circumstances required to vacate a judgment. Furthermore, we agree with the district court that Mr. Mehdipour waited too long to file his motion under Rule 60(b)(6). The time limitation began to run on June 27, 1996, when the bond was posted. Mr. Mehdipour filed the instant motion in March 1998, having sat for almost two years on his right to assert it. His time has long since passed.

After careful review of the record, we **AFFIRM** the district court.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge