**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 29 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALI MEHDIPOUR,

     Plaintiff-Appellant,

v.

CHARLES S. CHAPEL, Judge,
individually and in his official
capacity as Judge of the Oklahoma
Court of Criminal Appeals; RETA M.
STRUBHAR, Judge, individually and
in her official capacity as Judge of the
Oklahoma Court of Criminal Appeals;
GARY L. LUMPKIN, Judge,
individually and in his official
capacity as Judge of the Oklahoma
Court of Criminal Appeals; CHARLES
A. JOHNSON, Judge, individually and
in his official capacity as Judge of the
Oklahoma Court of Criminal Appeals;
and STEVE LILE, Judge, individually
and in his official capacity as Judge of
the Oklahoma Court of Criminal
Appeals,

     Defendants-Appellees.

No. 01-6137
(D.C. No. 01-CV-346-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the

(continued...)

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

Oklahoma state prisoner Ali Mehdipour appeals from the dismissal of his pro se action under 42 U.S.C. § 1983. Mehdipour's present action arises out of his pending appeal of his Oklahoma state court conviction for distribution of a controlled substance. In the present action, he argues that the defendants, judges of the Oklahoma Court of Criminal Appeals (OCCA), are (1) violating his right of access to the courts by refusing to allow him to add the issue of whether the defendant judges were harassing him and acting in bad faith to the pending appeal of his conviction, (2) violating his equal protection rights by refusing to recuse themselves from his appeal, and (3) violating his right to a speedy appeal because they have taken more than two years to decide his appeal. He argues that the district court abused its discretion by determining that his suit was frivolous for purposes of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(g). We affirm.

This court recently dismissed another claim brought by Mehdipour against these same defendants arising out of the same pending state court appeal, where

*(...continued)
citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mehdipour sought an injunction to force the defendants to allow him to fire his counsel and proceed pro se. Mehdipour v. Chapel, 246 F.3d 681, 2001 WL 173644 (10th Cir. Feb. 22, 2001) (unpublished). We held that his claims were barred by the Rooker-Feldman doctrine[1] and by Younger abstention,[2] and that in any event Mehdipour had failed to show the irreparable injury necessary for an injunction. Id. at *1. In the present action, the district court below dismissed Mehdipour's action as frivolous, reasoning that because Mehdipour's appeal of his conviction remained pending before the OCCA, Rooker-Feldman and Younger remained just as compelling as in the prior case.

As to Mehdipour's arguments regarding his right to assert additional claims and his right to have the defendants recuse themselves, we agree with the district court that Younger obliges us to abstain. Younger abstention is appropriate here because Mehdipour's arguments could be presented in the ongoing state proceeding, that proceeding implicates important state interests, and that proceeding affords an adequate opportunity to raise such federal claims. Roe No. 2 v. Ogden, 253 F.3d 1225, 1232 (10th Cir. 2001).

As to Mehdipour's argument regarding his right to speedy appeal, this argument was not presented to the district court in his complaint, and therefore

---

[1] See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

[2] See Younger v. Harris, 401 U.S. 37 (1971).

we decline to consider it on appeal. <u>United States v. Griffin</u>, 48 F.3d 1147 (10th Cir. 1995). We recognize that Mehdipour did refer to a speedy appeal argument in his February 23, 2001 Motion for Temporary Restraining Order And/Or Preliminary Injunction and Brief in Support filed before the district court. However, even in view of our liberal construction of pro se filings, Mehdipour's mere passing mention of an issue in a post-complaint motion, without any effort at legal or factual support, was insufficient to put this issue before the district court. The district court's Order of Dismissal made no reference to a speedy appeal claim. Accordingly, we do not consider this argument, although we pause to observe that most of the delay of which he complains resulted from resolution of Mehdipour's successful motion to fire his counsel and submit his own appellate brief. <u>See</u> <u>Harris v. Champion</u>, 15 F.3d 1538, 1558, 1562-63 (10th Cir. 1994) (stating that the reason for the delay is one of four factors to be balanced in determining whether a delayed appeal constitutes a violation of due process).

Finally, we perceive no error in the district court's application of § 1915A(b)(1) or § 1915(g). The judgment of the district court is **AFFIRMED**.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

- 4 -